IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cedric Dante Alston, | ) | |
|     Petitioner, | ) | |
| | ) | CR No.: 2:09-581-PMD |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
|     Respondent. | ) | |
| _____ | ) | |

Cedric Dante Alston ("Alston" or "Petitioner"), a federal prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 ("motion to vacate"). The government opposes Petitioner's request and has filed a motion to dismiss or, in the alternative, a motion for summary judgment. For the reasons set forth below, the Court denies Petitioner's motion to vacate and grants the government's motion for summary judgment.

**BACKGROUND**

On April 7, 2009, a North Charleston police officer responded to a call in reference to a stopped vehicle on an I-26 off ramp. Upon arrival, the officer found Alston, the sole occupant of the vehicle, either asleep or unconscious behind the driver's wheel. The officer observed an open bottle of beer in plain view and Petitioner was arrested for an open container violation. Subsequent to the arrest, and prior to the vehicle being towed, officers conducted an interior search of the car in which they located a clear plastic bag within the center console that contained 140 grams of powder cocaine. Alston was charged with knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of cocaine in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C).

1

On October 13, 2009, Alston orally entered a guilty plea before this Court to Count One of the Indictment. In order to insure that Petitioner's guilty plea was entered knowingly and voluntarily, the Court engaged in a Rule 11 colloquy. At that time, the Court ensured that Petitioner was informed as to the process of determining the guidelines in his case, the maximum possible penalties, and the binding nature of his guilty plea:

> THE GOVERNMENT: Thank you, Your Honor. The defendant faces a maximum term of imprisonment of 20 years, a maximum fine amount of $1 million, a minimum term of supervised release of three years, and $100 special assessment.
>
> THE COURT: Mr. Alston, do you understand you face those penalties as a result of pleading guilty today?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: Do you understand a Sentencing Commission was formed, and that commission has issued guidelines for judges to consider in determining what a sentence should be?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: You understand we won't know the guidelines for your case until a presentence report has been prepared, and both you and the Government have had a chance to challenge that report.
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: You understand that if the sentence you receive is more severe than you expected, you will still be bound by this plea; you'll have no right to withdraw it.
>
> THE DEFENDANT: Yes, Sir.

[Tr. of Guilty Plea Hr'g 8-9, lines 5-21].

Additionally, both Alston and his attorney, Jared Newman ("Attorney Newman"), signed a written Plea Agreement that clearly and unambiguously states that Petition would face a

penalty that included a possible maximum term of imprisonment of 20-years pursuant to the statutory penalties set forth in 21 U.S.C. section 841(b)(1)(C). (Plea Agreement, ¶ 1). The Plea Agreement informs Petitioner that he will be sentenced at the discretion of the Court after consideration of the advisory sentencing guidelines and applicable statutory factors. Furthermore, it specifically states that any estimate of a probable sentencing range that Petitioner may have received from his attorney is only a prediction, not a promise, and would not be binding upon the Court. (Plea Agreement, ¶ 4). The Plea Agreement concludes with an acknowledgment that Petitioner agrees to enter the guilty plea as a matter of his own free will with an understanding of all of the terms and conditions of the Plea Agreement. (Plea Agreement, ¶ 12).

At Petitioner's sentencing hearing held on March 22, 2010, this Court found that Alston qualified as a career offender and was subject to a higher sentence pursuant to USSG section 4.B1. Petitioner's Presentence Investigation Report ("PSR") noted that Alston had two prior felony convictions for controlled substance offenses. As a result of Petitioner's instant conviction also involving a controlled substance offense, the Court correctly found that Petitioner qualified as a career criminal pursuant to 18 U.S.C. section 924(e). Accordingly, the Court sentenced Petitioner to 155-months imprisonment.

On March 14, 2011, Petitioner filed his motion to vacate claiming that his attorney provided ineffective assistance of counsel during the plea and sentencing proceedings. Petitioner contends that counsel lacked a basic understanding of the sentencing guidelines and failed to inform him he would be sentenced as a career offender before entering his guilty plea. In support of his motion to vacate, Petitioner has provided three supporting affidavits. Those affidavits are the sworn statements of his mother, Clarissa Richardson; his step father, Robert

Richardson; and himself. Those affidavits state that Petitioner's attorney promised he would not receive more than 10-years imprisonment if he entered a guilty plea. Petitioner further contends that, as a result of counsel's alleged ineffectiveness, his guilty plea was "unknowing and unvoluntary."

In response to Petitioner's motion to vacate, the Government filed their motion for summary judgment on May 4, 2011, which is now before the Court. Included in the Government's motion is a supporting affidavit from Attorney Newman.

## STANDARD OF REVIEW

**I.     28 U.S.C. § 2255**

Petitioner proceeds under 28 U.S.C. section 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. section 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**II.    Summary Judgment**

To grant a motion for summary judgment, the court must find that "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v.*

4

*Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying this standard, the court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir.1990).

## ANALYSIS

In moving pursuant to 28 U.S.C. section 2255 to vacate his sentence, Petitioner states two specific grounds in support of his motion:

   I.    "Counsel was ineffective during the instant plea and sentencing proceedings;" and

   II.   "The instant guilty plea is unknowing and unvoluntary due to ineffective assistance of counsel."

Each of these grounds is addressed below.

### I.    Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution guarantees a defendant the right to effective assistance of counsel in all criminal proceedings. *See* U.S. Const. amend. VI. In

order to successfully challenge a conviction based on ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to satisfy the first prong of the *Strickland* test, the petitioner must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted).

In order to satisfy the second prong of *Strickland*, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court's analysis of Petitioner's claim may properly start with the prejudice component because a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

In Ground One of his motion to vacate, Petitioner states that he was provided ineffective assistance of counsel because his attorney lacked a basic understanding of the sentencing guidelines and failed to inform him that he would be sentenced as a career offender before entering his guilty plea. Petitioner's allegation of ineffective assistance of counsel arises as a result of receiving his sentencing as a career offender.

Included in his motion to vacate, Petitioner provides the affidavits of his mother, Clarissa Richardson; his step-father, Richard Richardson; and himself. In Petitioner's affidavit, he states that his attorney failed to inform him that he would be sentenced as a career offender before entering his guilty plea. Petitioner states that he even asked his attorney about any sentencing enhancements regarding his case before pleading guilty and that he was told there would be no enhancements. (Aff. of Cedric Alston ¶ 4). Petitioner further states that his attorney specifically told him he would not receive more than 10-years imprisonment by pleading guilty and that had he known he was going to be sentenced as a career offender he would not have entered the instant guilty plea. (*Id.* at ¶ ¶ 7 and 8). Both affidavits by Alston's mother and step-father further support Petitioner's contention by stating that they encouraged their son to enter the guilty plea after being promised by his attorney that he would not receive more than 10-years imprisonment. (Clarissa Richardson Aff. ¶ 1); (Robert Richardson Aff. ¶ 6 and 7).

The government's account of the assistance provided by Attorney Newman differs from Petitioner's version. In his affidavit, Attorney Newman states that he has been a member of the United States District Court Bar since 1992 and that he has 18 years of familiarity with the Federal Sentencing Guidelines as a result of representing numerous criminal defendants in

7

federal court since 1993. (Jared Newman Aff. ¶ ¶ 3, 4, and 5). Attorney Newman states that prior to the guilty plea, he advised Petitioner that he was subject to the statutory penalty of up to 20-years imprisonment. He further advised Alston that although the statutory maximum sentence was 20 years, he would likely be sentenced to less than that amount. (*Id.* at ¶ 6).

Attorney Newman further states that he discussed how the sentencing guidelines might apply in Alston's case. Although his attorney does not recall whether he used the term "career offender" when discussing the applicable guidelines, he advised Petitioner of the likelihood that his sentence would be enhanced because of his extensive criminal history. (*Id.* at ¶¶ 7 and 8). Attorney Newman goes on to state that after his review of the facts of the case, he was convinced that Alston would be convicted by a jury should he decide to go to trial. He then advised Petitioner that should he be convicted at trial rather than enter a guilty plea, he would not receive the benefit of acceptance of responsibility. (*Id.* at ¶ 9).

Petitioner and Attorney Newman's accounts of the communications between them regarding any potential sentence clearly differ. Although counsel's alleged misinformation regarding a potential sentence may satisfy the first prong of the *Strickland* test, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 ("[I]f defendant shows no prejudice from alleged ineffectiveness of counsel, courts need not address counsel's performance."). Therefore, Petitioner's claim of ineffective assistance of counsel turns upon whether or not he was constitutionally prejudiced by counsel's actions.

8

Were there no second prong under *Strickland*, Petitioner may have demonstrated through supporting affidavits a genuine issue of material fact. Nevertheless, Petitioner has failed to show any prejudice under the second prong of the *Strickland* standard as a result of his attorney's representations. Petitioner faced a possible maximum sentence of 20-years and only received 155-months as a result of pleading guilty. Although Petitioner argues that had he known he would be sentenced as a career offender he would not have entered his guilty plea and instead proceeded to trial, Petitioner ultimately entered his plea based on the information given to him by the Court, not his counsel, at the Rule 11 hearing and through his signed Plea Agreement. Consequently, because the Court properly informed Petitioner of the potential sentence he faced before entering his guilty plea, and Petitioner acknowledged all terms and conditions of that guilty plea during the Rule 11 hearing and through his signed Plea Agreement. Petitioner has failed to fulfill his burden of proving that "but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

## II.     Knowing and Voluntary

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alfrord*, 400 U.S. 25, 31 (1970)). Where the defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759 (1970)).

In Ground Two of his motion to vacate, Petitioner claims that his plea was "unknowing and unvoluntary" as a result of his attorney's ineffective assistance of counsel. However, Petitioner's contention is dependent upon the Court finding that his attorney did, in fact, provide him with ineffective assistance of counsel. Because the Court finds that Petitioner was not provided ineffective counsel, the instant guilty plea cannot be said to have been entered "unknowing and "unvoluntary" as a result of any ineffectiveness.

Moreover, any alleged misinformation concerning his plea provided by his attorney was cured by the court's Rule 11 hearing. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant.") (citing *Unioted States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992)). "[I]t is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 . . . be presumed final." *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). A defendant who states at a plea hearing that no one made any promises to cause him to plead guilty is bound by his statements in the absence of clear and convincing evidence to the contrary. *Little v. Allsbrook*, 731 F.2d 238, 239 (4th Cir. 1984). The Fourth Circuit attaches "considerable importance" to the procedural dialogue, and does not view the oath taken by the defendant as an empty gesture. *Id.* at. n. 3.

Petitioner's contention directly contradicts his statements made during the Court's Rule 11 hearing. The Court properly conducted a Rule 11 hearing wherein Petitioner stated (1) that he was satisfied with his attorney's representation; (2) that he understood the charge against him,

10

the elements the government would be required to prove, and the maximum possible punishment for it; (3) that he was not threatened or forced to plead guilty; (4) that the United States Attorney accurately stated the terms of the plea agreement; (5) that no other promise of sentence was made to him; (6) that he agreed with the evidence the government would offer by way of proof if a trial were held and (7) that if the sentence was more severe than he expected, he could not withdraw his plea. Therefore, Petitioner's plea was knowing and voluntary.

## CONCLUSION

Based on the foregoing, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Motion under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DENIED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 9, 2011**
**Charleston, SC**